UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MELECIO MEDINA RODRIGUEZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:25-CV-04231-KES<br><br>ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL DOCKET NO. 23 |

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. Movant Melecio Rodriguez is currently representing himself. Mr. Rodriguez has filed a motion seeking court-appointed counsel. Docket No. 23.

"There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> **

>		(B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, Mr. Rodriguez's case is still in its initial stages. The government's response to his motion will be due March 17, 2026. So far, the court observes that Mr. Rodriguez has been very able and capable of presenting his claims to the court. It is not yet known if an evidentiary hearing will become necessary to resolve the claims Mr. Rodriguez has raised. Accordingly, it is

ORDERED that Mr. Rodriguez's motion for court-appointed counsel [Docket No. 23] is denied at this time. Should the court later determine that

discovery is warranted in this matter or that an evidentiary hearing will be necessary, the court will appoint counsel to assist Mr. Rodriguez at that time.

Dated March 2, 2026.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge